NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLORA LEONARD, an individual, | |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | Civ. No. 15-02084 (WHW)(CLW) |
| GOLDEN TOUCH TRANSPORTATION OF NEW YORK, INCORPORATED, a New York Corporation, UNITED AIR LINES, INCORPORATED, a Delaware Corporation, and THE PORT AUTHORITY OF NEW YORK & NEW JERSEY, a joint venture | |
| Defendants. | |

This matter comes before the Court on the August 31, 2015 letter request of Defendants Golden Touch Transportation of New York, Inc. ("Golden Touch"), United Air Lines, Inc. ("United"), and The Port Authority of New York & New Jersey (the "Port Authority") (collectively "Defendants") for permission to file a cross-motion to dismiss the Port Authority from this matter with prejudice. ECF No. 19.

Plaintiff Flora Leonard, a resident of the State of Virginia, filed this action on March 23, 2015, alleging that Defendants were negligently responsible for an injury she suffered while attempting to board a shuttle bus at Newark Liberty International Airport in Newark, New Jersey ("Newark Liberty") and seeking reasonable damages, counsel fees, interest, and costs of suit. ECF No. 1. The complaint alleges that, on or about August 6, 2014, Leonard was a passenger on a United Airlines flight from Norfolk, Virginia destined for the United Kingdom and was required to transfer flights via shuttle bus at Newark Liberty, "the premises of which are owned,

1

operated, occupied, managed, inspected, held in trust, and/or maintained by" the Port Authority. *Id.* at 3 ¶ 1. The complaint does not specify exactly how Leonard was injured but alleges that she was a passenger on an "airline vehicle transportation service" bus operated by Golden Touch, which had been granted a privilege permit to operate at Newark Liberty by the Port Authority. *Id.* at 6-7 ¶ 2. Defendants filed an answer and request for a statement of damages on May 4, 2015. ECF No. 9. The parties submitted a joint discovery plan on June 10, 2015. ECF No. 13.

On August 27, 2015, Leonard filed an amended complaint and proposed order granting permission to file an amended complaint. ECF No. 15 (terminated). The filings were rejected because they did not include a motion to amend/correct the complaint. On August 31, 2015, Leonard filed a second motion to amend/correct the complaint. ECF No. 18. Leonard seeks to (a) correct the spelling of Defendant United Air Lines, Inc., (b) correct the date of the alleged occurrence, (c) assert an additional claim for negligence against new defendant Gateway Security, Inc., a New Jersey corporation, and (d) assert a claim for relief against all Defendants for her daughter, Karen Velazquez, who allegedly boarded the shuttle bus ahead of Leonard and "was made immediately aware of her mother's injuries." P. Mem. Supp. Second Mot. Amend Complaint, ECF No. 18 at 2.

Defendants submitted a letter on August 31, 2015 indicating that they will oppose the motion to amend/correct the complaint in accordance with the Court's briefing schedule. ECF No. 19. Defendants also request permission to file a cross-motion to dismiss the Port Authority from this matter with prejudice, claiming that the Port Authority, as an out-of-possession commercial landlord, cannot be held responsible for injuries upon its leased property as a matter of New Jersey law. *Id.* (citing *McBride v. Port Authority*, 295 N.J. Super. 521 (App. Div. 1996)).

**ORDER**

It is hereby ORDERED that Defendants may file a cross-motion to dismiss the complaint's claim against the Port Authority. Defendants are instructed to file their cross-motion to dismiss with their opposition to Plaintiff Leonard's motion to amend/correct the complaint, due September 21, 2015.

DATE: 2 September 2015

William H. Walls
Senior United States District Court Judge