NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FLORA LEONARD,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOLDEN TOUCH TRANSPORTATION OF NEW YORK, INC., a New York Corporation., UNITED AIR LINES, INC., a Delaware Corporation, THE PORT AUTHORITY OF NEW YORK & NEW JERSEY, a joint venture,<br><br>                    Defendants. | Civil Action No. 15-cv-2084 (WHW)(CLW)<br><br>**OPINION & ORDER** |

**THIS MATTER** comes before the Court on Plaintiff's motion for leave to amend her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Civil Rules. Plaintiff filed the instant action alleging that Defendants were negligently responsible for an injury she suffered while attempting to board a shuttle bus at Newark Liberty International Airport. Plaintiff now seeks to add her daughter as a plaintiff, add Gateway Security, Inc., as a defendant, correct some allegations, and set forth additional allegations. Defendants oppose the motion. The Court declined to hear oral argument pursuant to Rule 78 and, for the reasons set forth below, the Court grants Plaintiff's motion. The Court also grants Defendants' unopposed motion to seal.

A party may amend its pleadings with the Court's leave when justice so requires, and it is within the Court's sound discretion to grant or deny a request for leave to amend. F.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Though the policy concerning amendments is not unbounded, leave to amend is freely given and the Court takes a liberal approach to the amendment of pleadings to ensure that a particular claim will be decided on the merits. Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990); Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.

1984), cert. denied, 469 U.S. 871 (1984). However, leave to amend may be denied where there is: 1) undue delay; 2) bad faith or dilatory motive on the part of the movant; 3) repeated failure to cure deficiencies by amendments previously allowed; 4) undue prejudice to the opposing party by virtue of allowance of amendment; or 5) futility of amendment. Foman, 371 U.S. at 182. In particular, an amendment is futile if it fails to state a claim upon which relief may be granted or advances a claim that is legally insufficient on its face. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010) (citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007)); Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Thus, the "Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007) (citing In re Alpharma, Inc. Sec. Litig., 372 F.3d 137, 153-54 (3d Cir. 2004)).

Here, Defendants oppose the amendments in part[1] and offer a few principal arguments in support of their opposition to the request for leave to amend. First, Defendants argue that Plaintiff's "proposed amendments changing the allegations against United Airlines (Count II) and Golden Touch (Count III) from common law negligence to violations of 14 CFR § 382 (Nondiscrimination on the Basis of Disability in Air Travel) should be denied because there is no private right of action under" 14 CFR § 382 and the Air Carrier Access Act (ACAA), 49 USC § 41705. (Opp., ECF No. 21-2, at 2, 14.) Defendants emphasize that "only common law negligence claims are permitted by disabled passengers when advancing personal injury claims against airlines" and, even were such a claim cognizable, it would be time-barred here. (Id. at 14-15.)

---

[1] "Defendants do no object to adding Gateway Security, Inc., as a direct defendant, or correcting the date of the incident and manner in which United Airlines is pled." (Opp., ECF No. 21-2, at 14, n.6, 21.) Although Defendants take no such position, the Court nonetheless discerns no alternative ground on which to deny leave to amend.

Plaintiff asserts that she "should be permitted to plead violations of 14 CFR § 382" and describes the proposed amendments not as stand-alone claims but rather as parts of her negligence claims because "a violation of [§ 382], by an airline, [is] evidence of negligence." (Reply, ECF No. 23, 18-19.) Plaintiff's proposed amendments with respect to § 382 are reflected[2] in the following paragraphs:

> 3. Pursuant to 14 CFR Part 382, Plaintiff Flora Leonard, had identified herself to United Airlines, as a qualified individual [as described in § 382.3], who wanted to avail herself of the services that United Airlines was obligated to provide to her pursuant to 14 CFR Part 382. (Prop. Am. Compl., ECF No. 18-3, Count II, ¶ 3.)

> 5. At the aforesaid time and place, Defendant United Airlines, Incorporated, was obligated to assist Plaintiff Flora Leonard with ground transportation so that she could make her connecting flight, pursuant to 14 CFR Part 382, and was negligent in that it allowed for the transfers of passengers such as the Plaintiff Flora Leonard to be done in a rushed, hurried, manner, from one terminal to another, in order to make connecting flights, using shuttle busses, that were not adequately equipped to accommodate individuals, such as the Plaintiff Flora Leonard, and were operated by drivers who failed to properly operate the shuttle bus and its equipment that was used to attempt to transport the Plaintiff. (Prop. Am. Compl., ECF No. 18-3, Count II, ¶ 5.)

> 6. Defendant Golden Touch Transportation of New York, Incorporated, a New York Corporation was negligent in that it allowed for the transfers of passengers such as the Plaintiff to be done in a manner that did not meet its obligations pursuant to its contract with Defendant United Airlines, Incorporated and 14 CFR Part 382. (Prop. Am. Compl., ECF No. 18-3, Count III, ¶ 6.)

Upon review of the proposed amendments, it cannot be concluded that there is a failure to state a claim or a failure to advance a claim that is legally sufficient on its face. A plain reading of the proposed paragraphs reveals that they relate to negligence claims, as opposed to claims for relief made explicitly pursuant to the ACAA and related regulations. Similarly, and contrary to the interpretation

---

[2] In her prayers for relief, Plaintiff also refers generally to federal law insofar as she seeks compensation "in accordance with the laws of the State of New Jersey and the United States of America." (Prop. Am. Compl., ECF No. 18-3, Counts II-III.)

offered by Defendants, Opp. at 14-15, the Court does not read Elassaad v. Indep. Air, Inc., 613 F.3d 119 (3d Cir. 2010), to foreclose the amendments sought. Indeed, the Third Circuit in Elassaad recognized that "ACAA regulations[. . .] are not entirely irrelevant" to a negligence claim insofar as the "regulations set forth an aspect of the duty owed to [. . .] a disabled person." 613 F.3d at 133, n.20. In addition, the Third Circuit declined to resolve the issue of whether one "alleging discriminatory treatment[. . .] would have a right of action under the ACAA." Id. at 132-33, n.18 (collecting cases reflecting Circuit split). Thus, the Court finds that Plaintiff plausibly asserts violations of § 382 in support of her claims for negligence. And since Plaintiff does not seek to bring claims for relief under the ACAA or its regulations, the associated statute of limitations has no bearing here.

Defendants next contend that leave to amend should be denied because Plaintiff's daughter, Karen Velazquez, fails to state a claim for negligent infliction of emotional distress. (Opp. at 16-18.) Defendants argue that, to recover on a theory of negligent infliction of emotional distress, Ms. Velazquez must have actually witnessed Plaintiff's accident and "mere discovery of the injury after-the-fact is not sufficient to support such a claim." (Id. at 16.) Relatedly, Defendants contend that Ms. Velazquez lacks standing to pursue economic damages as a result of Plaintiff's injuries because, absent a cognizable claim for negligent infliction of emotional distress, Ms. Velazquez cannot establish the requisite injury in fact to support standing. (Id. at 18-19.)

Plaintiff concedes that Ms. Velazquez "boarded the bus ahead of her mother and did not actually see her mother get injured, but was made immediately aware of her mother's injuries." (Brief, ECF No. 18, at 2, 5-6; Reply, at 13-17.) Plaintiff's proposed claim otherwise indicates that Ms. Velazquez, "was present at the time that [Plaintiff] was injured," "witnessed the injuries that [Plaintiff] sustained," and suffered emotional distress from "watching the injuries" and "by providing first aid." (Prop. Am. Compl., Count V, ¶¶ 2-4.) Ms. Velazquez further alleges that she "sustained emotional distress from not being able to complete her trip to [their eventual destination,] the United

Kingdom." (Id., Count I, ¶ 1, Count V, ¶ 5.) Ms. Velazquez also alleges that she "sustained economic loss from having to cancel her trip [to the United Kingdom], and by having to stay in Newark, NJ to assist [Plaintiff] during her hospitalization." (Id., Count V, ¶ 6.)

The parties focus on Ms. Velazquez's presence at the scene and offer differing interpretations of the requisite elements of a claim for negligent infliction of emotional distress per Portee v. Jaffee, 84 N.J. 88, 101 (1980). In that case, the Supreme Court of New Jersey held as follows:

> The cause of action we approve today for the negligent infliction of emotional distress requires proof of the following elements: 1) the death or serious physical injury of another caused by defendant's negligence; 2) a marital or intimate, familial relationship between plaintiff and the injured person; 3) observation of the death or injury at the scene of the accident; and 4) resulting severe emotional distress.

Jaffee, 84 N.J. at 101.

Taking all pleaded allegations as true and viewing them in the light most favorable to Plaintiff, the Court accepts that Ms. Velazquez observed Plaintiff's injury at the scene of the accident—if not at the precise moment of injury, then immediately thereafter. See Prop. Am. Compl., Count V, ¶¶ 2-4. The Court declines to adopt Defendants' narrow reading of Jaffee because the Court discerns from Jaffee no strict requirement that one observe the exact moment of injury. Moreover, Defendants' position is unsupported by case law subsequent to Jaffee. See Jablonowska v. Suther, 195 N.J. 91, 103-04 (2008) (citing Jaffee and indicating that a claimant must show "sensory and contemporaneous observation of the death or injury at the scene of the accident"); Hinton v. Meyers, 416 N.J. Super. 141, 146-49 (App. Div. 2010) (collecting cases in which plaintiffs could maintain Portee cause of action absent actually witnessing incident where plaintiffs witnessed immediate aftermath, but differentiating facts presented on grounds that plaintiff neither saw accident itself nor saw victim until arriving at hospital). The Court also emphasizes the preliminary stage of proceedings and the interest in resolving claims on the merits. Hence, any ambiguity in New Jersey case law should not be resolved at such an early stage in federal court. Similarly, the Court rejects as premature Defendants'

contention that amendments relating to Ms. Velazquez should not be permitted because discovery thus far does not warrant such an amendment. The Court likewise rejects Defendants' argument regarding economic damages, since it derives from their argument that Ms. Velazquez fails to state a claim for negligent infliction of emotional distress.

**ACCORDINGLY, IT IS** on this 18th day of February, 2016,

**ORDERED** that Plaintiff's motion (ECF No. 18) for leave to amend is granted;

**ORDERED** that Plaintiff shall have fourteen (14) days for file her amended complaint;

**ORDERED** that the Clerk shall terminate ECF No. 18; and

**FURTHER ORDERED** that, in consideration of the certification of counsel (ECF No. 24-2) and for good cause shown, the motion (ECF No. 24) to seal the certification of counsel (ECF No. 21-3) is granted and the Proposed Order and Findings of Fact and Conclusions of Law are hereby incorporated by reference;

**ORDERED** that the Clerk shall place ECF No. 21-3 permanently under seal and Defendants' counsel shall have fourteen (14) days to file, via CM/ECF, a redacted version of the document placed under seal; and

**ORDERED** that the Clerk shall terminate ECF No. 24.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**